IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RACHEL DELOACHE WILLIAMS, :
:
Plaintiff, :
:
v. : Civil Action No. 22-1132-CFC
:
NETFLIX, INC., :
:
Defendant. :

## **MEMORANDUM ORDER**

Rachel DeLoache Williams has sued Netflix, Inc. for defamation based on Netflix's portrayal of Williams in its docudrama series *Inventing Anna*. D.I. 1 ¶ 1. *Inventing Anna* tells the story of Anna Sorokin, Williams's one-time friend who "conned the New York elite into believing that [Anna] was a German heiress." D.I. 1 ¶ 28. Netflix, a Delaware corporation with its principal place of business in California, filmed *Inventing Anna* in New York, Los Angles, Berlin, and Morocco. D.I. 19 at 4–5. Pending before me is Netflix's motion to transfer the case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). D.I. 18. Williams opposes the motion.

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or

division to which all parties have consented." 28 U.S.C. § 1404(a). As Williams does not consent to a transfer of the action to the Southern District of New York, a transfer to that court is permitted under § 1404(a) only if the case "might have been brought" in the Southern District.

Netflix argues that the case "might have been brought" in the Southern District because Netflix "consents to personal jurisdiction in that district." D.I. 19 at 10. But under § 1404(a), an action "might have been brought" in the transferee forum "only if the plaintiff had an 'unqualified right' to bring the action in the transferee forum *at the time of the commencement of the action*." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970) (emphasis added). And in *Hoffman v. Blaski*, 363 U.S. 335 (1960), the Supreme Court expressly rejected the argument that a defendant's *post hac* consent to personal jurisdiction in a transferee district satisfies the requirements of § 1404(a). As the Court held in *Hoffman*:

> We do not think the [§] 1404(a) phrase "where it might have been brought" can be interpreted to mean, as petitioners' theory would require[], "where it may now be rebrought, with defendants' consent."
>
> . . . .
>
> . . . Of course, venue, like jurisdiction over the person, may be waived. . . . But the power of a District Court under [§] 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action "might have been brought" by the plaintiff.

*Id.* at 342–44.

Netflix states in its reply brief that *Hoffman* "has been abrogated by statute." D.I. 28 at 3. But it neither cites legal authority to support this allegation nor explains the basis for its assertion, and therefore it has waived the argument. *John Wyeth & Bro. Ltd. v. CIGNA Intern. Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing . . . , but not squarely argued, are considered waived."). (Netflix presumably had in mind the 2011 amendment to § 1404(a) that added that a district court may also transfer an action "to any district or division to which all parties have consented." *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758. While that addition arguably could be characterized as abrogating *Hoffman* in part, *see Guzzetti v. Citrix Online Holdings GmbH*, 2013 WL 124127, at *3 n.2 (D. Del. Jan. 3, 2013) (describing the 2011 amendment as "abrogating in part the *Hoffman* decision"), it has no application here because Williams opposes Netflix's transfer motion and thus both parties do not consent to a transfer, *accord id.*)

Netflix also argues—for the first time—in its reply brief that Williams could have brought this suit in the Southern District under New York's long-arm statute, N.Y. C.P.L.R. 302(a). D.I. 28 at 4. Having failed to make this argument in its opening brief, Netflix has waived it too. *See In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, 751 F.3d 150, 157 (3d Cir. 2014) ("We have

consistently held that [a]n issue is waived unless a party raises it in its opening brief . . . ." (first alteration in original) (internal quotation marks and citation omitted)). But even if I were to reach the merits of the argument, I would reject it. As noted above, an action "might have been brought" in the transferee forum "only if the plaintiff had *an 'unqualified right'* to bring the action in the transferee forum at the time of the commencement of the action." *Shutte*, 431 F.2d at 24 (emphasis added). "If there is a 'real question' whether a plaintiff could have commenced the action originally in the transferee forum, it is evident that [the plaintiff] would not have an unqualified right to bring [its] cause in the transferee forum." *Id.* (citation omitted). Williams argues, and I agree, that she had reason to doubt that section 302(a) empowers a New York court to exercise personal jurisdiction over a Delaware corporation with its principal place of business in California in a defamation suit arising from a docudrama filmed in part in New York. Section 302(a)(2), "which permit[s] jurisdiction over tortious acts committed in New York . . . explicitly exempt[s] causes of action for the tort of defamation from [its] scope, whether or not such jurisdiction would be consistent with due process protection." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244–45 (2d Cir. 2007). This "defamation exception[] thus create[s] a 'gap' between the jurisdiction conferred by the New York statute and the full extent of jurisdiction permissible under the federal Constitution." *Id.* As one jurist has noted, this gap gives rise to

"strong arguments that the legislature intended to bar use of the long-arm statute in defamation cases." *Vardinoyannis v. Encyc. Britannica, Inc.*, 1990 WL 124338, at *6 n.3 (S.D.N.Y. Aug. 20, 1990). Given those arguments, a real question exists about whether Williams could have commenced this action originally in the Southern District, and therefore it cannot be said that she had an unqualified right to bring the case in that forum.

NOW THEREFORE, at Wilmington on this Sixteenth day of May in 2023, IT IS HEREBY ORDERED that Defendant Netflix, Inc.'s Motion to Transfer to the Southern District of New York (D.I. 18) is DENIED.

*Colm F. Connolly*
CHIEF JUDGE