# EXHIBIT 5

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF DELAWARE

| | |
|---|---|
| RACHEL DELOACHE WILLIAMS, an individual <br> *Plaintiff* <br> v. <br> NETFLIX, INC., a Delaware corporation <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 22-cv-01102 <br> ) <br> ) <br> ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: JESSICA PRESSLER

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Rufus-Isaacs Acland & Grantham LLP <br> 9440 Santa Monica Blvd., Suite 301 <br> Beverly Hills, CA 90210 | Date and Time: On or before January 5, 2024 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/6/2023

*CLERK OF COURT*

_____     OR     *[signature]*
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Rachel Williams
_____, who issues or requests this subpoena, are:
9440 Santa Monica Blvd., Suite 301, BEVERLY HILLS, CA 90210    ph: (310) 770-1307
email: aisaacs@rufuslaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-cv-01102

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* JESSICA PRESSLER
on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS

# DEFINITIONS

1. The term "Communications" is used in the broadest possible sense and includes without limitation all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, interviews, telephone conversations, correspondence, notes, minutes, memoranda, telegrams, telexes, electronic mail messages, text messages, instant messages (on any messaging system, e.g., WhatsApp, Signal), collaborative or internal social media platform posts (e.g., Slack messages), external social media platform posts (e.g., Facebook, Twitter, Snapchat, Instagram), facsimiles, advertisements, or other forms of verbal or written intercourse, however transmitted.

2. The term "concerning" means relating to, referring to, reflecting, describing, evidencing, bearing on, constituting, mentioning, or having any connection with, directly or indirectly, the matter set forth in each Request. Requests for documents concerning any subject matter include documents concerning Communications regarding that subject matter.

3. The term "Document" means the same as that term is broadly defined under Federal Rule of Civil Procedure 34, including all paper documents and all electronically stored information. The term further means any and every kind of printed, typed, recorded written, graphic, electronic, or photographic matter

(including audiotape and/or videotape recordings and electronic mail), however printed, produced, reproduced, coded, or stored (including in electronic or digitized form), of any kind or description, whether sent or received or not, including originals, copies, reproductions, facsimiles, and drafts, regardless of their author or origin, however denominated. A draft or non-identical copy is a separate document for purposes of these requests.

    4.    The term "Plaintiff" refers to plaintiff Rachel DeLoache Williams.

    5.    The term "Series" refers to the television series *Inventing Anna*.

    6.    The term "you" or "your" refers to the witness Jessica Pressler.

    7.    The term "Shondaland" refers to Shondaland, Inc., including its subsidiaries, parent companies and other corporate affiliates, and their respective officers, employees, agents, contractors and other representatives.

    8.    The term "Netflix" refers to defendant Netflix, Inc., including its subsidiaries, parent companies and other corporate affiliates, and their respective officers, employees, agents, contractors and other representatives.

    9.    The term "Sorokin" refers to Anna Sorokin, aka Anna Delvey, and her agents and representatives.

    10.    The term "Program Makers" refers to (a) those persons who developed, wrote, produced or edited the Series, including without limitation, the directors, writers, producers, editors and casting directors, (b) those officers or

employees of Shondaland or Netflix who had responsibility for the development, production or post-production of the Series, and (c) the actors who appeared in the Series, and their agents, managers and lawyers. Program Makers includes but is not limited to, Carolyn Ingber, Nicholas Nardini, Jessica Pressler, Shonda Rhimes, Abby Ajayi, Jess Brownell, Matt Byrne, Juan Carlos Fernandez, Katie Lowes, Jinny Howe, Melissa Lo, David Frankel, Ellen Kuras, Nzingha Stewart, Tom Verica, Betsy Beers, Brette Billow, Holden Chang, Kathy Ciric, Scott Collins, Alison Eakle and Sara Fischer.

  11. The term "Benefit" refers to any benefit provided by one person to another including, without limitation, meals, drinks, air flights, taxis and other forms of ground transportation, haircuts or hair styling, spa treatments, tennis lessons, massages, manicures, pedicures, saunas, workout sessions and other personal services.

  12. The Term "Gift" means any tangible item including, without limitation, jewelry, clothing, shoes, bags and accessories, given by one person to another.

  13. Whenever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; words in feminine, masculine, or neuter form shall include any/all/no gender(s); each of the functional words "any," "each," "every," "and," and "all" shall be deemed to include each of

the other functional words; and "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each topic all responses that might otherwise be construed to be outside its scope, or in other words, to give each topic its broadest possible meaning.

## INSTRUCTIONS

1. You are requested to furnish all documents in your possession, custody or control, regardless of whether such documents are possessed directly by you or your officers, directors, shareholders, employees, principals, agents, trustees, consultants, managers, attorneys, advisors, accountants, bookkeepers, representatives, other persons acting or purporting to act on your behalf, current or former subsidiaries, affiliates, parents, predecessors, successors, divisions, departments or operating units. Likewise, when the subpoena calls for the production of documents concerning, referring or relating to a person, it shall be deemed to include documents concerning any of that person's current or former subsidiaries affiliates, parents, predecessors, successors, divisions, departments, or operating units, including without limitation current or former officers, directors, shareholders, employees, principals, agents, trustees, consultants, managers, attorneys, advisors, accountants, bookkeepers, representatives or persons or entities acting or purporting to act on that person's behalf.

2.	If any requested document is not or cannot be produced in full or is produced in redacted form, produce it to the extent possible, indicating which document, or portion of that document, is being withheld and state with particularity the reason or reasons that document is not being produced in full.

3.	Each Request for a document requires the production of the document in its entirety, including all pages and attachments or exhibits, without redaction or expurgation, as well as the production of any draft or non-identical versions of the document and any copies that contain handwriting or other notations. A complete and legible copy may be produced in lieu of producing the document itself.

4.	Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in the Request. Documents shall be produced with copies of the labels or other identifying marks of the file folder, envelope or other container in which the documents are kept or maintained by the producing party. Documents attached to each other should not be separated.

5.	Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents called for by a Request, or if such documents are attached to documents called for by a Request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

6. Documents shall be produced in pdf format.

7. If you claim the attorney-client privilege, or any other privilege or work-product protection for all or any portion of any document, produce so much of the document that is not subject to privilege or work-product protection and provide the following information with respect to each such document:

(a) the type of document (e.g., a letter, memorandum, note, etc.);

(b) date of the document;

(c) The number of pages and attachments;

(d) The identity of each individual who was an author, addressee,

(e) or recipient of the document;

(f) The basic grounds for nondisclosure being asserted, e.g., attorney-client privilege, work product protection, or other privilege claim; and

(g) A brief description of the subject matter of the document detailed enough to permit analysis of the basis upon which it is being withheld.

8. If any document responding to these Requests is not currently available, include a statement to that effect and furnish whatever documents are available. Include in your statement when such documents were most recently in your possession or subject to your control and what disposition was made of them, and identify by name, job title and the last known business address, each person currently in possession or control of such documents. If any of such documents

have been destroyed, identify by name, job title and last known business address, each person who directed that the documents be destroyed, the person(s) actually destroying the documents, and the date, reasons and manner in which the documents were destroyed. Also, please identify each individual who was an author, addressee, or recipient of the document, the date of the document and a brief description of its contents and subject matter.

9. The singular form of a word shall be construed to include the plural, and vice versa to make the Request inclusive rather than exclusive.

## REQUESTED DOCUMENTS

1. All Communications between you and the other Program Makers concerning Plaintiff or her character in the Series, and all Documents memorializing same.

2. All Writers' Room Notes for episodes 1, 2, 5, 6, 7, 8 and 9 of the Series.

3. All Documents concerning interviews given by you to the media about the Series in which Plaintiff or her character in the Series was mentioned.

4. All Communications between you and Katie Lowes concerning Plaintiff or her character in the Series, and all Documents memorializing same.

5. All Communications between you and Kacy Duke concerning Plaintiff or her character in the Series, and all Documents memorializing same.

6. All Communications between you and Neff Davis concerning Plaintiff or her character in the Series, and all Documents memorializing same.

7. All Communications between you and Todd Spodek concerning Plaintiff or her character in the Series, and all Documents memorializing same.

8. All Communications between you and Sorokin concerning Plaintiff or her character in the Series, and all Documents memorializing same.

9. All Documents generated in whole or in part by you concerning Plaintiff or her character in the Series.

10. All Documents concerning research about Plaintiff for purposes connected with the development, writing and production of the Series.

11. All Documents concerning any perceived differences between Plaintiff and her character in the Series.

12. All Documents concerning Plaintiff's testimony at Sorokin's criminal trial (but not the court transcripts).

13. All Documents concerning Gifts or Benefits given or provided by Sorokin to Plaintiff.

14. All Documents concerning the decision to use Plaintiff's real name for a character in the Series.

15. All Documents concerning the decision to use Plaintiff's photograph and biographical details in the Series.

16. All Documents concerning the disclaimers that appeared at the beginning or end of every episode of the Series.

17. All Communications passing between the Program Makers concerning this lawsuit, and all Documents memorializing those Communications.

18. All Communications passing between you and Netflix concerning this lawsuit, and all Documents memorializing those Communications.

19. All Communications passing between you and Shondaland concerning this lawsuit, and all Documents memorializing those Communications.

20. All contracts between you (or any person, loan out corporation or other entity acting on your behalf) and any third party (including, without limitation, Netflix or Shondaland) concerning the Series.