## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RACHEL DELOACHE WILLIAMS,            :
                                     :
        Plaintiff,                   :
                                     :
                                     :   C.A. No.:  1:22-cv-01132-CFC
    v.                               :
                                     :   The Hon. Colm F. Connolly
NETFLIX, INC.,                       :
                                     :
        Defendant.                   :
                                     :

## DEFENDANT NETFLIX, INC.'S ANSWER AND AFFIRMATIVE
## DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Netflix, Inc. ("Netflix"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to the "Complaint for Damages for (1) False Light and (2) Defamation Per Se" using the same headings and paragraph numbers employed by Plaintiff Rachel DeLoache Williams ("Plaintiff").

## RESPONSE TO COMPLAINT FOR DAMAGES FOR (1) FALSE LIGHT
## AND (2) DEFAMATION PER SE

1.      Admitted that this purports to be an action for defamation, but denies that Plaintiff is entitled to any such relief.  Admitted that Plaintiff originally brought a claim for false light invasion of privacy as well, but affirmatively alleges that claim has since been dismissed.  *See* Order, filed March 26, 2024, Dkt. No. 65 ("March 26, 2024 Order").  Denied that this action arises from knowingly false statements and attributions concerning Plaintiff made by Netflix in its series entitled *Inventing*

*Anna* (the "Series") about a fraudster named Anna Sorokin, a.k.a. Anna Delvey ("Sorokin").

2.      Netflix denies Paragraph 2.  To the extent that Paragraph 2 purports to characterize the Series, Netflix respectfully refers the Court to the Series for its content and meaning.

3.      Netflix denies Paragraph 3.  To the extent that Paragraph 3 purports to characterize several statements made in public media articles, Netflix respectfully refers the Court to these articles for their content and meaning.

4.      To the extent that Paragraph 4 purports to characterize the Series, Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies that its portrayal of Plaintiff was "false" or that it portrayed Plaintiff as "a vile and contemptible person."   Except as so referred and denied, Netflix lacks knowledge or information as to the truth or falsity of the remaining allegations set forth in Paragraph 4 and on that basis denies, generally and specifically, the allegations set forth therein.

5.      Admitted that some of the characters in the Series had fictionalized names and others had real names; and that the character of "Rachel Williams" in the Series used Plaintiff's real name.  Otherwise, this paragraph includes speculation and opinion by Plaintiff that is not reasonably susceptible to admission or denial; and on that basis, is denied.

<u>RESPONSE TO SOROKIN</u>

6.      Admitted that Sorokin was convicted of grand larceny arising from her attempts to defraud banks into funding her art club, under the belief that she was a German heiress called Anna Delvey.   Netflix affirmatively alleges that this paragraph includes factual allegations that also appear in Plaintiff's book (*My Friend Anna: The True Story of a Fake Heiress*), Plaintiff's Vanity Fair article ("'As an Added Bonus, She Paid for Everything': My Bright-Lights Misadventure with a Magician of Manhattan"), and/or Plaintiff's testimony at Sorokin's criminal trial, and Netflix respectfully refers the Court to those materials.[1]  Except as so admitted and referred, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6 of the Complaint and, on that basis, denies each and every remaining allegation in Paragraph 6.

7.      Netflix affirmatively alleges that this Paragraph contains factual allegations that also appear in Plaintiff's book, Plaintiff's Vanity Fair article, and/or Plaintiff's testimony at Sorokin's criminal trial, and Netflix respectfully refers the Court to those materials.  Except as so referred, Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint and, on that basis, denies each and every allegation in Paragraph 7.

---

[1] Plaintiff's book was submitted to the Court as Exhibit 1 to the Declaration of Rachel F. Strom in Support of Defendant's Motion to Dismiss.  *See* ECF No. 16-1.  Plaintiff's Vanity Fair article is available at ECF No. 16-2; and her trial testimony is available at ECF No. 16-3.

8.     Netflix affirmatively alleges that this Paragraph contains factual allegations that also appear in Plaintiff's book, Plaintiff's Vanity Fair article, and/or Plaintiff's testimony at Sorokin's criminal trial, and Netflix respectfully refers the Court to those materials.  Except as so referred, Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint and, on that basis, denies each and every allegation in Paragraph 8.

9.     Netflix affirmatively alleges that this Paragraph contains factual allegations that also appear in Plaintiff's book, Plaintiff's Vanity Fair article, and/or Plaintiff's testimony at Sorokin's criminal trial, and Netflix respectfully refers the Court to those materials.  Except as so referred, Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint and, on that basis, denies each and every allegation in Paragraph 9.

10.    Netflix affirmatively alleges that this Paragraph contains factual allegations that also appear in Plaintiff's book, Plaintiff's Vanity Fair article, and/or Plaintiff's testimony at Sorokin's criminal trial, and Netflix respectfully refers the Court to those materials.  Except as so referred, Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint and, on that basis, denies each and every allegation in Paragraph 10.

11.    Netflix affirmatively alleges that this Paragraph contains factual allegations that also appear in Plaintiff's book, Plaintiff's Vanity Fair article, and/or

Plaintiff's testimony at Sorokin's criminal trial, and Netflix respectfully refers the Court to those materials.  Except as so referred, Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint and, on that basis, denies each and every allegation in Paragraph 11.

12.    Netflix affirmatively alleges that this Paragraph contains factual allegations that also appear in Plaintiff's book, Plaintiff's Vanity Fair article, and/or Plaintiff's testimony at Sorokin's criminal trial, and Netflix respectfully refers the Court to those materials.  Except as so referred, Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Complaint and, on that basis, denies each and every allegation in Paragraph 12.

13.    Netflix affirmatively alleges that this Paragraph contains factual allegations that also appear in Plaintiff's book, Plaintiff's Vanity Fair article, and/or Plaintiff's testimony at Sorokin's criminal trial, and Netflix respectfully refers the Court to those materials.  Except as so referred, Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint and, on that basis, denies each and every allegation in Paragraph 13.

14.    Netflix affirmatively alleges that this Paragraph contains factual allegations that also appear in Plaintiff's book, Plaintiff's Vanity Fair article, and/or Plaintiff's testimony at Sorokin's criminal trial, and Netflix respectfully refers the Court to those materials.  Except as so referred, Netflix lacks information sufficient

to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint and, on that basis, denies each and every allegation in Paragraph 14.

15.    Netflix affirmatively alleges that this Paragraph contains factual allegations that also appear in Plaintiff's book, Plaintiff's Vanity Fair article, and/or Plaintiff's testimony at Sorokin's criminal trial, and Netflix respectfully refers the Court to those materials.  Except as so referred, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 of the Complaint and, on that basis, denies each and every allegation in Paragraph 15.

16.    Netflix affirmatively alleges that this Paragraph contains factual allegations that also appear in Plaintiff's book, Plaintiff's Vanity Fair article, and/or Plaintiff's testimony at Sorokin's criminal trial, and Netflix respectfully refers the Court to those materials.  Except as so referred, Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint and, on that basis, denies each and every allegation in Paragraph 16.

17.    Admitted that Sorokin failed to appear in court in New York on September 5, 2017 and a warrant was issued for her arrest.  Because this paragraph includes factual allegations that also appear in Plaintiff's book, Plaintiff's Vanity Fair article, and/or Plaintiff's testimony at Sorokin's criminal trial, Netflix respectfully refers the Court to those materials.  Except as so admitted and referred,

Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17 of the Complaint and, on that basis, denies each and every remaining allegation in Paragraph 17.

18.    Admitted that Plaintiff published an article in Vanity Fair in April 2018 about her experiences with Sorokin, and published a book on this same topic in July 2019.  Netflix refers this Court to Plaintiff's book and article for their content and meaning.  Except as so admitted and referred, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18 of the Complaint and, on that basis, denies each and every remaining allegation in Paragraph 18.

19.    Admitted that *New York Magazine* published an article written by non-party Jessica Pressler in May 2018, entitled "Maybe She Had So Much Money She Just Lost Track of It" (hereinafter, the "Pressler Article").  Netflix refers the Court to that article for its content and meaning.  Netflix admits that in 2018, it acquired rights to the Pressler Article and that Pressler was credited as a producer of the Series.  Netflix admits that it obtained Sorokin's "life story rights," and admits that a portion of that payment was assigned to Todd Spodek, Sorokin's attorney.  Netflix admits that it discussed purchasing various rights from Plaintiff, but did not do so. Except as admitted, Netflix denies each and every remaining allegation contained in Paragraph 19 of the Complaint.

20.     Admitted.

21.     Admitted that Sorokin was convicted on eight counts but acquitted of larceny against Plaintiff and another victim, and that she was sentenced to 4-12 years in prison but released after serving over three years.  Further admitted that soon after Sorokin's release, she was taken into custody by U.S. Immigration and Customs Enforcement where she remains presently while attempting to fight deportation. Otherwise, Netflix denies each and every allegation in Paragraph 21 of the Complaint.

## THE SERIES

22.     Admitted that some characters in the Series have real names while others have fictitious names.  Otherwise, this paragraph includes speculation and opinion by Plaintiff that is not reasonably susceptible to admission or denial; and on that basis, is denied.

23.     To the extent that Paragraph 23 purports to characterize the Series, Netflix respectfully refers the Court to the Series for its content and meaning. Admitted that the character "Rachel Williams" in the Series has the same name and former employer as Plaintiff.  Further admitted that the Series displays a fake Instagram account entitled "realrachelwilliams," and a photograph of Plaintiff under the same Instagram account with text stating that her book was a success—next to a photograph of Katie Lowes and the actress who plays Sorokin.  Otherwise, this

paragraph includes speculation and opinion by Plaintiff that is not reasonably susceptible to admission or denial; and on that basis, is denied.

24.    To the extent that Paragraph 24 purports to characterize the Series, Netflix respectfully refers the Court to the Series for its content and meaning. Admitted that every episode of the Series displays a disclaimer at the beginning stating, with minor variations, "This (whole) story is completely true, except for all the parts that are totally made up/ total bullshit."  Otherwise, Netflix denies each and every allegation in Paragraph 24 of the Complaint.

25.    Admitted that the Series was released on February 11, 2022 and that it was nominated for three Emmy Awards.  Further admitted that, on March 24, 2022, *The Hollywood Reporter* reported that the Series "totaled nearly 6.6 billion minutes of viewing time over its 17 days of release."  Netflix affirmatively alleges that according to Netflix's "Engagement Report," the Series was viewed for 34,800,000 hours from January to June 2023.

26.    Netflix denies each and every allegation in Paragraph 26 of the Complaint.

## JURISDICTION AND VENUE

27.    Netflix lacks knowledge or information as to the truth or falsity of the allegations set forth in Paragraph 27 and on that basis denies, generally and specifically, the allegations set forth therein.

28.     Admitted that Netflix is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in California. Netflix's subscribers and revenues as of 2021 are available on its public SEC filings, which Netflix respectfully refers the Court to for accuracy.  Netflix otherwise denies each and every allegation in Paragraph 28.

29.     Paragraph 29 contains legal conclusions that require no response.  To the extent a response is required, Netflix does not—at this time and for purposes of this case only—contest that this Court has subject matter jurisdiction over this case.

30.     Paragraph 30 contains legal conclusions that require no response.  To the extent a response is required, Netflix contends that the proper venue for this action is the Southern District of New York.

## RESPONSE TO "THE DEFAMATORY STATEMENTS"

### RESPONSE TO STATEMENTS IN WHICH WILLIAMS IS ALLEGEDLY PORTAYED AS A FREELOADER  AND/OR A FALSE FRIEND

### Response to 1st Set Of Allegedly Defamatory Statements - Episode 2, 14:15-16:059

31.     Paragraph 31 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 31 of the Complaint.

32.     Paragraph 32 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 32 of the Complaint.

33.     Denied that the scenes in the Series regarding Plaintiff are defamatory or false, as evidenced by Plaintiff's own statements in her book, Vanity Fair article, and testimony at Sorokin's trial. Netflix lacks sufficient knowledge or information as to the truth or falsity of the remaining allegations set forth in Paragraph 33 and, on that basis, denies those allegations.

34.     Netflix admits that the title of Episode 2 of the Series is "The Devil Wore Anna."  Otherwise, Netflix denies each and every allegation in Paragraph 34 of the Complaint.

**<u>Response to 2nd Set Of Allegedly Defamatory Statements - Episode 2, 29:32-30:00</u>**

35.     Paragraph 35 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 35 of the Complaint.

36.     Paragraph 36 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 36 of the Complaint.

37.     Denied that the scenes in the Series regarding Plaintiff are defamatory or false, as evidenced by Plaintiff's own statements in her book, Vanity Fair article,

and testimony at Sorokin's trial.  Netflix lacks sufficient knowledge or information as to the truth or falsity of the remaining allegations set forth in Paragraph 37 and, on that basis, denies those allegations.

38.    Netflix denies each and every allegation in Paragraph 38 of the Complaint.

**Response to 3rd Set of Allegedly Defamatory Statements - Episode 5, 33:40-34:15**

39.    Paragraph 39 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 39 of the Complaint.

40.    Paragraph 40 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 40 of the Complaint.

41.    Denied that the scenes in the Series regarding Plaintiff are defamatory or substantially false, as evidenced by Plaintiff's own statements in her book, Vanity Fair article, and testimony at Sorokin's trial. Netflix lacks sufficient knowledge or information as to the truth or falsity of the remaining allegations set forth in Paragraph 41 and, on that basis, denies those allegations.

42.    Netflix denies each and every allegation in Paragraph 42 of the Complaint.

**Response to 4th Set of Allegedly Defamatory Statements - Episode 5, 34:50-35:07**

43.     Paragraph 43 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 43 of the Complaint.

44.     Paragraph 44 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Denied that the scenes in the Series regarding Plaintiff are defamatory or substantially false, as evidenced by Plaintiff's own statements in her book, Vanity Fair article, and testimony at Sorokin's trial.  Netflix lacks sufficient knowledge or information as to the truth or falsity of the remaining allegations set forth in Paragraph 44 and, on that basis, denies those allegations.

45.     Netflix denies each and every allegation in Paragraph 45 of the Complaint.

**Response to 5th Set of Allegedly Defamatory Statements - Episode 6, 05:19-5:33, and 55:35-40**

46.     Paragraph 46 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 46 of the Complaint.

47.     Paragraph 47 purports to characterize a scene in the Series.   Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 47 of the Complaint.

48.     Denied that the scenes in the Series regarding Plaintiff are defamatory or substantially false, as evidenced by Plaintiff's own statements in her book, Vanity Fair article, and testimony at Sorokin's trial. Netflix lacks sufficient knowledge or information as to the truth or falsity of the remaining allegations set forth in Paragraph 48 and, on that basis, denies those allegations.

49.     Netflix denies each and every allegation in Paragraph 49 of the Complaint.

**<u>Response to 6th Set of Allegedly Defamatory Statements - Episode 6, 12:44-13:58 et al.</u>**

50.     Paragraph 50 purports to characterize scenes in the Series.   Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 50 of the Complaint.

51.     Paragraph 51 purports to characterize scenes in the Series.   Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 51 of the Complaint.

52.     Denied that the scenes in the Series regarding Plaintiff are defamatory or substantially false, as evidenced by Plaintiff's own statements in her book, Vanity Fair article, and testimony at Sorokin's trial. Netflix lacks sufficient knowledge or

information as to the truth or falsity of the remaining allegations set forth in Paragraph 52 and, on that basis, denies those allegations.

53.    Netflix denies each and every allegation in Paragraph 53 of the Complaint.

**Response to 7th Set of Allegedly Defamatory Statements - Episode 9, 40:23-41:08**

54.    Paragraph 54 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 54 of the Complaint.

55.    Paragraph 55 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 55 of the Complaint.

56.    Denied that the scenes in the Series regarding Plaintiff are defamatory or substantially false, as evidenced by Plaintiff's own statements in her book, Vanity Fair article, and testimony at Sorokin's trial. Netflix lacks sufficient knowledge or information as to the truth or falsity of the remaining allegations set forth in Paragraph 56 and, on that basis, denies those allegations.

57.    Netflix denies each and every allegation in Paragraph 57 of the Complaint.

RESPONSE TO STATEMENT IN WHICH WILLIAMS IS ALLEGEDLY
PORTAYED AS A SNOB

**Response to 8th Set of Allegedly Defamatory Statements - Episode 5, 33:34-
33:44**

58.    Paragraph 58 purports to characterize a scene in the Series.  Netflix
respectfully refers the Court to the Series for its content and meaning.  Netflix denies
each and every allegation in Paragraph 58 of the Complaint.

59.    Paragraph 59 purports to characterize a scene in the Series.  Netflix
respectfully refers the Court to the Series for its content and meaning.  Netflix denies
each and every allegation in Paragraph 59 of the Complaint.

60.    Denied that the scenes in the Series regarding Plaintiff are defamatory
or substantially false, as evidenced by Plaintiff's own statements in her book, Vanity
Fair article, and testimony at Sorokin's trial. Netflix lacks sufficient knowledge or
information as to the truth or falsity of the remaining allegations set forth in
Paragraph 60 and, on that basis, denies those allegations.

61.    Netflix denies each and every allegation in Paragraph 61 of the
Complaint.

RESPONSE TO STATEMENTS IN WHICH WILLIAMS IS ALLEGEDLY
PORTRAYED AS ABANDONING  SOROKIN IN MOROCCO

16

**Response to 9th Set of Allegedly Defamatory Statements - Episode 6, 46:05-51:05**

62.     Paragraph 62 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 62 of the Complaint.

63.     Paragraph 63 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 63 of the Complaint.

64.     Denied that the scenes in the Series regarding Plaintiff are defamatory or substantially false, as evidenced by Plaintiff's own statements in her book, Vanity Fair article, and testimony at Sorokin's trial.  Netflix lacks sufficient knowledge or information as to the truth or falsity of the remaining allegations set forth in Paragraph 64 and, on that basis, denies those allegations.

65.     Netflix denies each and every allegation in Paragraph 65 of the Complaint.

**Response to 10th Set of Allegedly Defamatory Statements - Episode 6, 54:25-54:40**

66.     Paragraph 66 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 66 of the Complaint.

67.    Paragraph 67 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 67 of the Complaint.

68.    Paragraph 68 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Denied that the scenes in the Series regarding Plaintiff are defamatory or substantially false, as evidenced by Plaintiff's own statements in her book, Vanity Fair article, and testimony at Sorokin's trial. Netflix lacks sufficient knowledge or information as to the truth or falsity of the remaining allegations set forth in Paragraph 68 and, on that basis, denies those allegations.

69.    Paragraph 69 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Denied that the scenes in the Series regarding Plaintiff are defamatory or substantially false, as evidenced by Plaintiff's own statements in her book, Vanity Fair article, and testimony at Sorokin's trial.  Netflix lacks sufficient knowledge or information as to the truth or falsity of the remaining allegations set forth in Paragraph 69 and, on that basis, denies those allegations.

70.    Netflix denies each and every allegation in Paragraph 70 of the Complaint.

<u>RESPONSE TO STATEMENTS IN WHICH WILLIAMS IS ALLEGEDLY
PORTAYED AS DECEIVING  FRIENDS ABOUT HER ROLE IN THE
ARREST OR BENEFITING FROM IT</u>

**<u>Response to 11th Set of Allegedly Defamatory Statements - Episode 1, 03:42-
3:52</u>**

71.     Paragraph 71 purports to characterize a scene in the Series.  Netflix
respectfully refers the Court to the Series for its content and meaning.  Netflix denies
each and every allegation in Paragraph 71 of the Complaint.

72.     Paragraph 72 purports to characterize a scene in the Series.  Netflix
respectfully refers the Court to the Series for its content and meaning.  Netflix denies
each and every allegation in Paragraph 72 of the Complaint.

73.     Denied that the scenes in the Series regarding Plaintiff are defamatory
or substantially false, as evidenced by Plaintiff's own statements in her book, Vanity
Fair article, and testimony at Sorokin's trial. Netflix lacks sufficient knowledge or
information as to the truth or falsity of the remaining allegations set forth in
Paragraph 73 and, on that basis, denies those allegations.

74.     Netflix denies each and every allegation in Paragraph 74 of the
Complaint.

**<u>Response to 12th Set of Allegedly Defamatory Statements - Episode 8, 1:02:05-
1:02:45</u>**

19

75.    Paragraph 75 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 75 of the Complaint.

76.    Paragraph 76 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 76 of the Complaint.

77.    Denied that the scenes in the Series regarding Plaintiff are defamatory or substantially false, as evidenced by Plaintiff's own statements in her book, Vanity Fair article, and testimony at Sorokin's trial.  Netflix lacks sufficient knowledge or information as to the truth or falsity of the remaining allegations set forth in Paragraph 77 and, on that basis, denies those allegations.

78.    Netflix denies each and every allegation in Paragraph 78 of the Complaint.

**Response to 13th Set of Allegedly Defamatory Statements - Episode 9, 44:40-45:52**

79.    Paragraph 79 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 79 of the Complaint.

80.    Paragraph 80 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 80 of the Complaint.

81.    Denied that the scenes in the Series regarding Plaintiff are defamatory or substantially false, as evidenced by Plaintiff's own statements in her book, Vanity Fair article, and testimony at Sorokin's trial. Netflix lacks sufficient knowledge or information as to the truth or falsity of the remaining allegations set forth in Paragraph 81 and, on that basis, denies those allegations.

82.    Netflix denies each and every allegation in Paragraph 82 of the Complaint.

## Response to 14th Set of Allegedly Defamatory Statements - Episode 7, 33:22-33:35

83.    Paragraph 83 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 83 of the Complaint.

84.    Paragraph 84 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 84 of the Complaint.

85.    Denied that the scenes in the Series regarding Plaintiff are defamatory or substantially false, as evidenced by Plaintiff's own statements in her book, Vanity Fair article, and testimony at Sorokin's trial.  Netflix lacks sufficient knowledge or information as to the truth or falsity of the remaining allegations set forth in Paragraph 85 and, on that basis, denies those allegations.

86.    Netflix denies each and every allegation in Paragraph 86 of the Complaint.

### RESPONSE TO STATEMENTS IN WHICH WILLIAMS IS ALLEGEDLY PORTAYED AS MISUSING HER  BUSINESS AMEX TO PAY FOR SOROKIN EXPENSES

**Response to 15th Set of Allegedly Defamatory Statements – Episode 7, 16:25-16:39**

87.    Paragraph 87 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 87 of the Complaint.

88.    Paragraph 88 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Denied that the scenes in the Series regarding Plaintiff are defamatory or substantially false, as evidenced by Plaintiff's own statements in her book, Vanity Fair article, and testimony at Sorokin's trial.  Netflix lacks sufficient knowledge or information as to the truth or falsity of the remaining allegations set forth in Paragraph 88 and, on that basis, denies those allegations.

89.    Netflix denies each and every allegation in Paragraph 89 of the Complaint.

**Response to 16th Set of Allegedly Defamatory Statements – (a) Episode 7, 18:40-18:51**

90.     Paragraph 90 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 90 of the Complaint.

**Response to 16th Set of Allegedly Defamatory Statements – (b) Episode 7, 38:10-38:45**

91.     Paragraph 91 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 91 of the Complaint.

**Response to 16th Set of Allegedly Defamatory Statements – (c) Episode 7, 45:43-48**

92.     Paragraph 92 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 92 of the Complaint.

93.     Paragraph 93 purports to characterize a scene in the Series.  Netflix respectfully refers the Court to the Series for its content and meaning.  Netflix denies each and every allegation in Paragraph 93 of the Complaint.

94.     Denied that the scenes in the Series regarding Plaintiff are defamatory or substantially false, as evidenced by Plaintiff's own statements in her book, Vanity Fair article, and testimony at Sorokin's trial. Netflix lacks sufficient knowledge or information as to the truth or falsity of the remaining allegations set forth in Paragraph 94 and, on that basis, denies those allegations.

95.    Netflix denies each and every allegation in Paragraph 95 of the Complaint.

## ACTUAL MALICE

96.    Netflix denies each and every allegation in Paragraph 96 of the Complaint.

97.    Netflix denies each and every allegation in Paragraph 97 of the Complaint.

98.    Netflix denies that it "hired a researcher to investigate the Sorokin story whose research was given to the creator and writers."  Paragraph 98 further purports to characterize a statement that a media outlet reported from non-party Shonda Rhimes.  Netflix respectfully refers the Court to that media article for its content and meaning.  Netflix denies each and every allegation in Paragraph 98 of the Complaint.

99.    Netflix admits that Sorokin was convicted on eight charges, including grand larceny.  Paragraph 99 purports to characterize the Series' portrayal of Sorokin and certain statements by non-party Shonda Rhimes to media outlets.   Netflix respectfully refers the Court to the Series and those media articles for their content and meaning.   Netflix denies each and every allegation in Paragraph 99 of the Complaint.

100.   Paragraph 100 purports to characterize the Series' portrayal of Plaintiff and certain alleged statements by Netflix and/or non-party Shondaland.   Netflix

respectfully refers the Court to the Series and those alleged statements for their content and meaning.  Netflix denies each and every allegation in Paragraph 100 of the Complaint.  Netflix specifically denies that Paragraph 100 contains any evidence of Netflix's alleged bias against Plaintiff.

101.   Paragraph 101 purports to characterize certain alleged public statements by Netflix.   Netflix respectfully refers the Court to those alleged statements for their content and meaning.  Netflix denies each and every allegation in Paragraph 101 of the Complaint.  Netflix specifically denies that Paragraph 101 contains any evidence of Netflix's alleged bias against Plaintiff.

102.   Paragraph 102 purports to characterize certain statements by non-party Katie Lowes to media outlets.  Netflix respectfully refers the Court to those media articles for their content and meaning.  Netflix denies each and every allegation in Paragraph 102 of the Complaint.  Netflix specifically denies that Paragraph 102 contains any evidence of Netflix's alleged bias against Plaintiff.

103.   Netflix denies each and every allegation in Paragraph 103 of the Complaint.

104.   Netflix admits that Plaintiff's Vanity Fair article was published in April 2018 and Plaintiff's book was published in July 2019.  Otherwise, Netflix denies each and every allegation in Paragraph 104 of the Complaint.

105.   Netflix admits that Plaintiff's attorney sent Netflix a letter in January 2020, and Netflix responded.  Otherwise, Netflix denies each and every allegation in Paragraph 105 of the Complaint.

106.   Netflix admits that Plaintiff's attorney sent Netflix a letter in February 2022, and Netflix responded.  Otherwise, Netflix denies each and every allegation in Paragraph 106 of the Complaint.

107.   Netflix denies each and every allegation in Paragraph 107 of the Complaint.

108.   Netflix denies each and every allegation in Paragraph 108 of the Complaint.

109.   Netflix denies each and every allegation in Paragraph 109 of the Complaint.

110.   Netflix denies each and every allegation in Paragraph 110 of the Complaint.

111.   Netflix denies each and every allegation in Paragraph 111 of the Complaint.

112.   Netflix denies each and every allegation in Paragraph 112 of the Complaint.

113.   Netflix denies each and every allegation in Paragraph 113 of the Complaint.

114.    Netflix denies each and every allegation in Paragraph 114 of the Complaint.

115.    Netflix denies each and every allegation in Paragraph 115 of the Complaint.

116.    Netflix denies each and every allegation in Paragraph 116 of the Complaint.

117.    Netflix denies each and every allegation in Paragraph 117 of the Complaint.

118.    Netflix denies each and every allegation in Paragraph 118 of the Complaint.

119.    Netflix denies each and every allegation in Paragraph 119 of the Complaint.

120.    Netflix denies each and every allegation in Paragraph 120 of the Complaint.

121.    Netflix denies each and every allegation in Paragraph 121 of the Complaint.

122.    Netflix denies each and every allegation in Paragraph 122 of the Complaint.

123.    Netflix denies each and every allegation in Paragraph 123 of the Complaint.

124.   Netflix denies each and every allegation in Paragraph 124 of the Complaint.

125.   Netflix denies each and every allegation in Paragraph 125 of the Complaint.

126.   Netflix denies each and every allegation in Paragraph 126 of the Complaint.

127.   Netflix denies each and every allegation in Paragraph 127 of the Complaint.

128.   Netflix denies each and every allegation in Paragraph 128 of the Complaint.

129.   Netflix denies each and every allegation in Paragraph 129 of the Complaint.

130.   Netflix denies each and every allegation in Paragraph 130 of the Complaint.

131.   Netflix denies each and every allegation in Paragraph 131 of the Complaint.

132.   Netflix denies each and every allegation in Paragraph 132 of the Complaint.

133.   Netflix denies each and every allegation in Paragraph 133 of the Complaint.

134.   Netflix denies each and every allegation in Paragraph 134 of the Complaint.

135.   Netflix denies each and every allegation in Paragraph 135 of the Complaint.

136.   Netflix denies each and every allegation in Paragraph 136 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (False Light Invasion Of Privacy)

137.   Netflix repeats and re-alleges its answers to Paragraphs 1 through 137 as if fully set forth herein.

138.   Paragraph 138 of the Complaint contains legal conclusions that require no response.  Further, this claim was dismissed pursuant to the Court's March 26, 2024 Order.

139.   Paragraph 139 of the Complaint contains legal conclusions that require no response.  Netflix denies that any elements of this claim are satisfied by the facts pled in the Complaint.  Further, this claim was dismissed pursuant to the Court's March 26, 2024 Order.

140.   Paragraph 140 of the Complaint contains legal conclusions that require no response.  Netflix denies that any elements of this claim are satisfied by the facts

pled in the Complaint.  Further, this claim was dismissed pursuant to the Court's March 26, 2024 Order.

141.    Netflix denies each and every allegation in Paragraph 141 of the Complaint.  Further, this claim was dismissed pursuant to the Court's March 26, 2024 Order.

142.    Netflix denies each and every allegation in Paragraph 142 of the Complaint.  Further, this claim was dismissed pursuant to the Court's March 26, 2024 Order.

## SECOND CLAIM FOR RELIEF

### (Defamation Per Se)

143.    Netflix repeats and re-alleges its answers to Paragraphs 1 through 142 as if fully set forth herein.  Paragraph 143 of the Complaint contains legal conclusions that require no response.

144.    Netflix denies each and every allegation in Paragraph 144 of the Complaint.

145.    Netflix denies each and every allegation in Paragraph 145 of the Complaint.

146.    Netflix denies each and every allegation in Paragraph 146 of the Complaint.

147.   Netflix denies each and every allegation in Paragraph 147 of the Complaint.

148.   Netflix denies each and every allegation in Paragraph 148 of the Complaint.

149.   Netflix denies each and every allegation in Paragraph 149 of the Complaint.

## RESPONSE TO DEMAND FOR JURY TRIAL

Netflix demands a jury on all triable issues.

## RESPONSE TO PRAYER FOR RELIEF

With respect to the WHEREFORE clauses in the Complaint, Netflix denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint.  Netflix denies all allegations, declarations, claims, or assertions in the Complaint that are not specifically admitted in this Answer.   To the extent the headings contained in the Complaint constitute allegations, such allegations are denied.

## AFFIRMATIVE DEFENSES

Further responding to the Complaint, Netflix asserts the following defenses.  By including any of these defenses in this section, Netflix does not admit

to having the burden of proof and/or the burden of persuasion with respect to any of these defenses. By designating the following as defenses, Netflix does not in any way waive or limit any defenses that are or may be raised by its denials, allegations, and averments set forth herein. The defenses are pleaded in the alternative, are raised to preserve Netflix's right to assert such defenses, and are raised without prejudice to Netflix's ability to raise other and further defenses. Netflix reserves the right to amend, supplement, and/or otherwise modify this Answer, including, without limitation, the right to assert additional defenses that become known to it through discovery or otherwise.

## FIRST DEFENSE

The Complaint, and each of its claims for relief, is barred because it fails to state a claim upon which relief can be granted against Netflix.

## SECOND DEFENSE

Plaintiff's defamation claim is barred because the challenged statements are privileged and protected by the First and Fourteenth Amendment to the United States Constitution and Article I, Section 8 of the New York Constitution. This is particularly so because courts offer broad First Amendment protection for docudramas, such as the Series.

## THIRD DEFENSE

Plaintiff's defamation claim is barred because the challenged statements are true or substantially true and thus cannot be the basis for a defamation action.

## FOURTH DEFENSE

Plaintiff's defamation claim is barred because the challenged statements are not capable of defamatory meaning.

## FIFTH DEFENSE

Plaintiff's defamation claim is barred because the challenged statements constitute First Amendment-protected opinion.

## SIXTH DEFENSE

Plaintiff's defamation claim is barred because the challenged statements are absolutely privileged under New York Civil Rights Law Section 74 as a fair and true report of Anna Sorokin's criminal trial.

## SEVENTH DEFENSE

Plaintiff's defamation claim is barred because she is a public figure and cannot assert facts sufficient to show, by clear and convincing evidence, that Netflix acted with actual malice as to the publication of the challenged statements.

## EIGHTH DEFENSE

Plaintiff's defamation claim is barred because, pursuant to New York Civil Rights Law Section 76-a(2), this is an action involving public petition and

participation, and Plaintiff cannot establish, by clear and convincing evidence, that Netflix acted with actual malice as to the publication of the challenged statements.

## NINTHNINTH DEFENSE

To the extent Plaintiff brings a claim for defamation by implication, that claim is barred because Netflix did not intend or endorse the purported implication of which Plaintiff complains.

## TENTH DEFENSE

Plaintiff's defamation claim is barred because she has not suffered any actual harm or damages proximately caused by any of the challenged statements and any claimed damages are vague, uncertain, imaginary, and speculative.

## ELEVENTH DEFENSE

Plaintiff's claim for punitive damages fails because it would violate Netflix's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the New York Constitution because, among other things, the alleged conduct at issue here is not sufficiently reprehensible to warrant any punitive damages recovery.

## TWELFTH DEFENSE

Plaintiff's claim for punitive damages fails because the challenged statements were not made with common law malice, and Netflix did not commit any outrageous

conduct that was malicious, wanton, reckless, or in willful disregard of Plaintiff's rights.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to "costs of suit" because the challenged statements were not motivated by disinterested malevolence or with intent to inflict economic injury.

## FOURTEENTH DEFENSE

Plaintiff's false light claim has already been dismissed by the Court.  It fails because the State of New York does not recognize a claim for false light invasion of privacy.


Dated: May 1, 2024                    BARNES & THORNBURG LLP

                                      */s/  Thomas E. Hanson, Jr.*
                                      Thomas E. Hanson, Jr. (No. 4102)
                                      222 Delaware Avenue, Suite 1200
                                      Wilmington, DE 19801-1050
                                      Tel: 302-300-3474
                                      Fax: 302-300-3456
                                      Email:  Thanson@btlaw.com

                                      DAVIS WRIGHT TREMAINE LLP
                                      Rachel F. Strom (*pro hac vice*)
                                      Chelsea T. Kelly (*pro hac vice*)
                                      Lindsey B. Cherner (*pro hac vice*)
                                      Olalekan N. Sumonu (*pro hac vice*)
                                      1251 Sixth Avenue, 21st Floor
                                      New York, New York 10020
                                      Tel: 212-402-4069

rachelstrom@dwt.com
chelseakelly@dwt.com
lindseycherner@dwt.com
osumonu@dwt.com

*Attorneys for Defendant Netflix, Inc.*