# **EXHIBIT 5**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RACHEL DELOACHE WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No.:  1:22-cv-01132-CFC |
| v. | : | |
| | : | The Hon. Colm F. Connolly |
| NETFLIX, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT NETFLIX, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF RACHEL WILLIAMS'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, Netflix, Inc. ("Netflix"), by and through its undersigned counsel, hereby responds and objects to Plaintiff Rachel Deloache Williams's First Set of Requests for Production of Documents, Electronically Stored Information, and Property to Rachel Deloache ("Requests") as follows.  Netflix reserves the right to correct, amend, modify, or supplement its responses and objections to these Requests at any time in the future, as warranted by the circumstances.

## GENERAL OBJECTIONS

Netflix objects generally to the Requests as set forth below.  Each of the responses that follow is made subject to these objections.  To the extent that Netflix responds to requests to which it objects, such objections are not waived.  In

1

addition, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege.

1.     Netflix objects to the Requests to the extent they, or the Definitions or Instructions contained therein seek to impose obligations beyond the scope permitted by the Federal Rules of Civil Procedure (the "Federal Rules") or the Local Rules of the United States District Court for the District of Delaware.

2.     Netflix objects to the Requests to the extent they seek documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege.  To the extent that any document that is properly the subject of privilege is produced, such production is purely inadvertent and not to be construed as a waiver of any privilege.

3.     Netflix objects to the Requests to the extent they purport to require the disclosure of information that is protected by the N.Y. Civ. Rights Law § 79-h, the New York State Constitution, the First and Fourteenth Amendments to the U.S. Constitution, and any other statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity, including but not limited to the identities of their sources (collectively, the "reporter's privilege").

4.     Netflix objects to the Requests to the extent they seek disclosure of documents from persons or entities over whom Netflix has no control, or seek documents not in Netflix's possession, custody, or control.

5.     Netflix objects to the Requests to the extent that they seek documents or information that is unduly burdensome to obtain.

6.     Netflix objects to the Requests to the extent that they are vague, ambiguous, overbroad, unreasonably duplicative, unduly burdensome, oppressive, or harassing.

7.     Netflix objects to the Requests to the extent that they seek information that is publicly available.

8.     Netflix objects to the Requests to the extent that they are not limited in time and seek documents or information created after Plaintiff filed her Complaint on August 29, 2022.  Netflix will only produce documents created before August 29, 2022.

9.     Netflix objects to the Requests to the extent that they seek confidential or proprietary information that Netflix maintains in confidence and/or is obligated to treat confidentially.  Subject to and without waiving said objection, Netflix will produce responsive, non-privileged documents containing such confidential and/or proprietary information only subject to parties' Stipulated Protective Order as entered by the Court on July 19, 2023.  *See* ECF No. 41.

10.    Netflix objects to the Requests as premature to the extent that they seek information related to opinion testimony or expert discovery.

11.    Netflix objects to the Requests to the extent that they seek material not relevant to any party's claims or defenses or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Request compared with its likely benefit.

12.    Netflix objects to the definition of the term "Filmmakers" as being vague with respect to its use of words such as "developed," "produced," "development," or "production;" and as being overbroad with respect to its definition of actors who appeared in the series *Inventing Anna* (the "Series") as including the actors' agents, managers, and lawyers.

13.    Netflix objects to the definition of the term "Shondaland" as being vague and overbroad insofar as it includes corporate entities other than Shondaland, Inc., as well as the officers, employees, agents, contractors, and other representatives of the same.  Netflix will construe the term "Shondaland" to mean "Shondaland, Inc." and its officers, employees, agents, contractors, and representatives.

14.     Netflix objects to the definition of the term "you" or "your" as being vague and overbroad insofar as it includes corporate entities other than Netflix, Inc., as well as the officers, employees, agents, contractors, and other representatives of the same.  Netflix will construe the term "Netflix" to mean "Netflix, Inc." and its officers, employees, agents, contractors, and representatives. Netflix will produce custodial documents from the employees of Netflix, Inc. who were most substantively engaged in the production and/or review of the Series.

15.     A response that Netflix will produce documents responsive to any individual request does not imply that Netflix has located any responsive document or that any responsive documents exist, but only that Netflix will produce all such non-privileged documents that it locates through good faith efforts and reasonable diligence.

16.     Netflix's investigation is ongoing, and Netflix specifically reserves the right to correct, amend, modify, or supplement its responses to the Requests at any time in the future, as warranted by the circumstances.

**SPECIFIC RESPONSES AND OBJECTIONS
TO THE DOCUMENT REQUESTS**

Subject to and without waiving the foregoing objections, Netflix responds as follows:

**DOCUMENT REQUEST NO. 1:**

The script of every episode of the Series, including all drafts thereof.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Netflix objects to this Request as overbroad and not proportional to the needs of this case because it fails to limit this Request to only those scripts and/or episodes relating to Plaintiff's portrayal in the Series or to the allegations in Plaintiff's Complaint.  Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, or reporter's privilege. Netflix further objects to this Request to the extent that it seeks documents beyond Netflix's possession, custody, or control.

Notwithstanding these objections, Netflix will produce copies of scripts of the episodes in the Series that are related to Plaintiff's portrayal in the Series to the extent they are in Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 2:**

All Communications to or from the Filmmakers concerning Plaintiff or her character in the Series and all Documents memorializing same.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Netflix objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.  Netflix also objects to this Request to the extent it seeks confidential or proprietary information that Netflix

maintains in confidence and/or is obligated to treat confidentially. Netflix further objects to the definition of "Filmmakers" in the Requests as vague and overbroad. Netflix further objects to the Request to the extent it attempts to encompass all documents exchanged between Netflix and anyone working to create the Series that merely mention the character "Rachel Williams."

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request that reference Plaintiff or that include any substantive reference to the portrayal of the character "Rachel Williams," to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 3:**

All Communications between Shonda Rimes [sic] and other Filmmakers concerning Plaintiff or her character in the Series, and all Documents memorializing same.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Netflix objects to this Request on the grounds that the definition of the term "Filmmakers" is vague and overbroad. Netflix also objects to this Request to the extent it seeks communications and/or documents outside of Netflix's possession, custody, or control. Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.

Netflix further objects to this Request to the extent it seeks confidential or proprietary information that Netflix maintains in confidence and/or is obligated to treat confidentially.  Netflix further objects to the Request to the extent it attempts to encompass all documents exchanged between Netflix and anyone working to create the Series that merely mention the character "Rachel Williams."

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request that reference Plaintiff or that include any substantive reference to the portrayal of the character "Rachel Williams," to the extent they are within Netflix's possession, custody, or control.

## DOCUMENT REQUEST NO. 4:

All Documents concerning interviews given by Shona [sic] Rimes [sic] to the media about the Series in which Plaintiff or her character in the Series was mentioned.

## RESPONSE TO DOCUMENT REQUEST NO. 4:

Netflix objects to this Request as vague and overbroad, especially as "media" is not a defined term.  Netflix also objects to this Request to the extent that the information Plaintiff seeks is available to the public.  Netflix also objects to this Request to the extent it seeks communications and/or documents outside of Netflix's possession, custody, or control.  Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-

client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege. Netflix further objects to the Request to the extent it attempts to encompass all documents exchanged between Netflix and anyone working to create the Series that merely mention the character "Rachel Williams."

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request that reference Plaintiff or that include any substantive reference to the portrayal of the character "Rachel Williams," to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 5:**

All Communications between Rachel Lowe[1] and other Filmmakers concerning Plaintiff or her character in the Series, and all Documents memorializing same.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Netflix objects to this Request on the grounds that the definition of the term "Filmmakers" is vague and overbroad.   Netflix also objects to this Request to the extent it seeks communications and/or documents outside of Netflix's possession, custody, or control.  Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.

---

[1] Pursuant to email correspondence with Plaintiff's counsel, Netflix will construe references to "Rachel Lowe" to mean the actress, Katie Lowes.

Netflix further objects to this Request to the extent it seeks confidential or proprietary information that Netflix maintains in confidence and/or is obligated to treat confidentially.  Netflix further objects to the Request to the extent it attempts to encompass all documents exchanged between Netflix and anyone working to create the Series that merely mention the character "Rachel Williams."

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request that reference Plaintiff or that include any substantive reference to the portrayal of the character "Rachel Williams," to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 6:**

All Documents concerning interviews given by Rachel Lowe to the media about the Series in which Plaintiff or her character in the Series was mentioned.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Netflix objects to this Request as vague and overbroad, especially as "media" is not a defined term.  Netflix also objects to this Request to the extent that the information Plaintiff seeks is available to the public.  Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.  Netflix further objects to the Request to the extent it attempts to encompass all documents exchanged between Netflix and

anyone working to create the Series that merely mention the character "Rachel Williams."

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request that reference Plaintiff or that include any substantive reference to the portrayal of the character "Rachel Williams," to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 7:**

All Communications between Kacy Duke and the Filmmakers concerning Plaintiff or her character in the Series, and all Documents memorializing same.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Netflix objects to this Request on the grounds that the definition of the term "Filmmakers" is vague and overbroad.  Netflix also objects to this Request to the extent it seeks communications and/or documents outside of Netflix's possession, custody, or control.  Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.  Netflix further objects to this Request to the extent it seeks confidential or proprietary information that Netflix maintains in confidence and/or is obligated to treat confidentially.  Netflix further objects to the Request to the extent it attempts

to encompass all documents exchanged between Netflix and anyone working to create the Series that merely mention the character "Rachel Williams."

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request that reference Plaintiff or that include any substantive reference to the portrayal of the character "Rachel Williams," to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 8:**

All Communications between Neff Davis and the Filmmakers concerning Plaintiff or her character in the Series, and all Documents memorializing same.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Netflix objects to this Request on the grounds that the definition of the term "Filmmakers" is vague and overbroad. Netflix also objects to this Request to the extent it seeks communications and/or documents outside of Netflix's possession, custody, or control. Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege. Netflix further objects to this Request to the extent it seeks confidential or proprietary information that Netflix maintains in confidence and/or is obligated to treat confidentially. Netflix further objects to the Request to the extent it attempts

to encompass all documents exchanged between Netflix and anyone working to create the Series that merely mention the character "Rachel Williams."

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request that reference Plaintiff or that include any substantive reference to the portrayal of the character "Rachel Williams," to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 9:**

All Communications between Todd Spodek and the Filmmakers concerning Plaintiff or her character in the Series, and all Documents memorializing same.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Netflix objects to this Request on the grounds that the definition of the term "Filmmakers" is vague and overbroad. Netflix also objects to this Request to the extent it seeks communications and/or documents outside of Netflix's possession, custody, or control. Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege. Netflix further objects to this Request to the extent it seeks confidential or proprietary information that Netflix maintains in confidence and/or is obligated to treat confidentially. Netflix further objects to the Request to the extent it attempts

to encompass all documents exchanged between Netflix and anyone working to create the Series that merely mention the character "Rachel Williams."

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request that reference Plaintiff or that include any substantive reference to the portrayal of the character "Rachel Williams," to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 10:**

All Communications between Jessica Pressler and other Filmmakers concerning Plaintiff or her character in the Series, and all Documents memorializing same.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Netflix objects to this Request on the grounds that the definition of the term "Filmmakers" is vague and overbroad.  Netflix also objects to this Request to the extent it seeks communications and/or documents outside of Netflix's possession, custody, or control.  Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.  Netflix further objects to this Request to the extent it seeks confidential or proprietary information that Netflix maintains in confidence and/or is obligated to treat confidentially.  Netflix further objects to the Request to the extent it attempts

to encompass all documents exchanged between Netflix and anyone working to create the Series that merely mention the character "Rachel Williams."

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request that reference Plaintiff or that include any substantive reference to the portrayal of the character "Rachel Williams," to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 11:**

All Communications between Sorokin and the Filmmakers concerning Plaintiff or her character in the Series, and all Documents memorializing same.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Netflix objects to this Request on the grounds that the definition of the term "Filmmakers" is vague and overbroad.  Netflix also objects to this Request to the extent it seeks communications and/or documents outside of Netflix's possession, custody, or control.  Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege. Netflix further objects to this Request to the extent it seeks confidential or proprietary information that Netflix maintains in confidence and/or is obligated to treat confidentially.  Netflix further objects to the Request to the extent it attempts

to encompass all documents exchanged between Netflix and anyone working to create the Series that merely mention the character "Rachel Williams."

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request that reference Plaintiff or that include any substantive reference to the portrayal of the character "Rachel Williams," to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 12:**

All Documents generated by Jinny Howe concerning Plaintiff or her character in the Series.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Netflix objects to this Request to the extent it seeks communications and/or documents outside of Netflix's possession, custody, or control.  Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.  Netflix further objects to this Request to the extent it seeks confidential or proprietary information that Netflix maintains in confidence and/or is obligated to treat confidentially.  Netflix also objects to the Request to the extent that it is not limited in time and seeks documents or information created after Plaintiff filed her Complaint on August 29, 2022.  Netflix further objects to the Request to the extent it attempts to encompass all documents

exchanged between Netflix and anyone working to create the Series that merely mention the character "Rachel Williams."

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request that reference Plaintiff or that include any substantive reference to the portrayal of the character "Rachel Williams," to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 13:**

All Documents generated by Melissa Lo concerning Plaintiff or her character in the Series.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Netflix also objects to this Request to the extent it seeks communications and/or documents outside of Netflix's possession, custody, or control. Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege. Netflix further objects to this Request to the extent it seeks confidential or proprietary information that Netflix maintains in confidence and/or is obligated to treat confidentially. Netflix also objects to the Request to the extent that it is not limited in time and seeks documents or information created after Plaintiff filed her Complaint on August 29, 2022. Netflix further objects to the Request to the extent it attempts to encompass

all documents exchanged between Netflix and anyone working to create the Series that merely mention the character "Rachel Williams."

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request that reference Plaintiff or that include any substantive reference to the portrayal of the character "Rachel Williams," to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 14:**

All Documents generated by Shonda Rhimes concerning Plaintiff or her character in the Series.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Netflix objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege. Netflix further objects to this Request to the extent it seeks communications and/or documents outside of its possession, custody, or control. Netflix also objects to the Requests to the extent that it is not limited in time and seeks documents or information created after Plaintiff filed her Complaint on August 29, 2022. Netflix further objects to the Request to the extent it attempts to encompass all documents exchanged between Netflix and anyone working to create the Series that merely mention the character "Rachel Williams."

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request that reference Plaintiff or that include any substantive reference to the portrayal of the character "Rachel Williams," to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 15:**

All Documents concerning research about Plaintiff for purposes connected with the development, writing and production of the Series.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Netflix objects to this Request to the extent it is duplicative of prior Requests. Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege. Netflix further objects to this Request to the extent it seeks communications and/or documents outside of its possession, custody, or control.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request, to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 16:**

All Documents concerning the differences between Plaintiff and her character in the Series.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Netflix objects to this Request to the extent it is duplicative of prior Requests. Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege. Netflix also objects to this Request as vague in that it does not specify what "differences" it is referring to.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they are within Netflix's possession, custody, or control, and to the extent that they are not duplicative of Netflix's responses to Request Nos. 2 and 15.

**DOCUMENT REQUEST NO. 17:**

All Documents concerning Communications between Plaintiff and Sorokin.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Netflix objects to this Request as improper and unduly burdensome to the extent it seeks documents and communications that are more readily accessible by, or in the possession of, Plaintiff. Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege. Netflix also objects to this Request to the extent it is not

limited to communications Netflix obtained or reviewed in the course of working on the Series.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they were obtained or reviewed in the course of working on the Series and to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 18:**

All Documents concerning Communications between Plaintiff and Kacy Duke.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Netflix objects to this Request as improper and unduly burdensome to the extent it seeks documents and communications that are more readily accessible by, or in the possession of, Plaintiff.  Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.  Netflix also objects to this Request to the extent it is not limited to communications Netflix obtained or reviewed in the course of working on the Series.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they were obtained

or reviewed in the course of working on the Series and to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 19:**

All Documents concerning Communications between Plaintiff and Neff Davis.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Netflix objects to this Request as improper and unduly burdensome to the extent it seeks documents and communications that are more readily accessible by, or in the possession of, Plaintiff.  Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.  Netflix also objects to this Request to the extent it is not limited to communications Netflix obtained or reviewed in the course of working on the Series.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they were obtained or reviewed in the course of working on the Series and to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 20:**

All Documents concerning Plaintiff's testimony at Sorokin's criminal trial.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Netflix objects to this Request as improper and unduly burdensome to the extent it seeks documents and/or communications that are more readily accessible by, or in the possession of, Plaintiff.  Netflix also objects to this Request on the basis that the information Plaintiff seeks is available to the public.  Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.  Netflix also objects to this Request to the extent it is not limited to documents Netflix made or reviewed in the course of working on the Series.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they were obtained or reviewed in the course of working on the Series and to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 21:**

All Documents concerning Gifts given by Sorokin to Plaintiff.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Netflix objects to this Request as improper and unduly burdensome to the extent it seeks documents and/or communications that are more readily accessible by, or in the possession of, Plaintiff.  Netflix further objects to this Request to the

extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege. Netflix also objects to this Request to the extent it is not limited to documents Netflix made or reviewed in the course of working on the Series.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they were obtained or reviewed in the course of working on the Series and to the extent they are within Netflix's possession, custody, or control.

## DOCUMENT REQUEST NO. 22:

All Documents concerning payments made by Sorokin which provided a Benefit to Plaintiff.

## RESPONSE TO DOCUMENT REQUEST NO. 22:

Netflix objects to this Request as vague because "payments" is not a defined term. Netflix also objects to this Request to the extent it is duplicative of Request No. 21. Netflix further objects to this Request as improper and unduly burdensome to the extent it seeks documents and/or communications that are more readily accessible by, or in the possession of, Plaintiff. Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense

privilege, or reporter's privilege.  Netflix also objects to this Request to the extent it is not limited to documents Netflix made or reviewed in the course of working on the Series.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they were obtained or reviewed in the course of working on the Series and to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 23:**

Any Documents having a tendency to prove that the primary reason why Plaintiff socialized with Sorokin was because Sorokin provided her with Gifts and Benefits.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Netflix objects to this Request on the grounds that it is vague—especially with regard to the phrases "having a tendency to prove" and "primary reason." Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.  Netflix also objects to this Request to the extent it is not limited to documents Netflix made or reviewed in the course of working on the Series.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they were obtained or reviewed in the course of working on the Series and to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 24:**

Any Documents having a tendency to prove that the primary reason why Plaintiff stopped socializing with Sorokin was because Sorokin stopped providing her with Gifts and Benefits.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Netflix objects to this Request on the grounds that it is vague—especially with regard to the phrases "having a tendency to prove" and "primary reason." Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.  Netflix also objects to this Request to the extent it is not limited to documents Netflix made or reviewed in the course of working on the Series.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they were obtained or reviewed in the course of working on the Series and to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 25:**

All Documents concerning any payments made to third parties by Plaintiff at the request of Sorokin.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Netflix objects to this Request on the grounds that it is vague, especially as the phrase "third parties" is not defined. Netflix also objects to this Request as unduly burdensome to the extent it seeks documents and/or communications that are more readily accessible by, or in the possession of, Plaintiff. Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege. Netflix also objects to this Request to the extent it is not limited to documents Netflix made or reviewed in the course of working on the Series.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they were obtained or reviewed in the course of working on the Series and to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 26:**

All Documents concerning Sorokin's promises to reimburse Plaintiff for payments that she had made at Sorokin's request.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Netflix objects to this Request as vague—especially regarding the phrase "payments that she had made at Sorokin's request."  Netflix further objects to this Request as improper and unduly burdensome to the extent it seeks documents and/or communications that are more readily accessible by, or in the possession of, Plaintiff.  Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 27:**

All Documents concerning the decision to use Plaintiff's real name for a character in the Series.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Netflix objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.   Netflix further objects to this Request to the extent that it seeks documents or communications outside of Netflix's possession, custody, or control.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 28:**

All Documents concerning the decision to use Plaintiff's photograph and biographical details in the Series.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Netflix objects to this Request as vague because "biographical details" is not a defined term. Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 29:**

All Documents concerning the decision to cast Rachel Lowe to play Plaintiff's character in the Series.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Netflix objects to this Request to the extent it seeks confidential or proprietary information that Netflix maintains in confidence and/or is obligated to

treat confidentially.  Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.  Netflix also objects to this Request as it would encompass countless documents with no relevance to the claims in this case, and is thus disproportional to the needs of the case.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they relate to Plaintiff and the decision to cast Katie Lowes to play the character of Rachel Williams in the Series.

**DOCUMENT REQUEST NO. 30:**

All Communications between Shondaland and Netflix which preceded the execution of any contracts between them concerning the Series, and all Documents memorializing those Communications.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Netflix objects to this Request as vague, overbroad, and seeking irrelevant information that is not reasonably calculated to lead to discoverable evidence. Netflix also objects to this Request on the basis that it seeks confidential or proprietary information that Netflix maintains in confidence and/or is obligated to treat confidentially.  Netflix further objects to this Request to the extent it purports

to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.

**DOCUMENT REQUEST NO. 31:**

All Documents in which Netflix employees discussed whether to enter into a contact [sic] with Shondaland concerning the Series.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Netflix objects to this Request as vague, overbroad, and seeking irrelevant information that is not reasonably calculated to lead to discoverable evidence. Netflix also objects to this Request on the basis that it seeks confidential or proprietary information that Netflix maintains in confidence and/or is obligated to treat confidentially.  Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.

**DOCUMENT REQUEST NO. 32:**

All Communications passing between the Filmmakers concerning this lawsuit, and all Documents memorializing those Communications.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Netflix objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.  Netflix further objects to

this Request on the grounds that it seeks irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Netflix also objects to the Request to the extent that it is not limited in time and seeks documents or information created after Plaintiff filed her Complaint on August 29, 2022.

**DOCUMENT REQUEST NO. 33:**

All Communications passing between Shondaland and Netflix concerning this lawsuit, and all Documents memorializing those Communications.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Netflix objects to this Request to the extent it is duplicative of Request No. 32.  Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, common interest privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.  Netflix further objects to this Request on the grounds that it seeks irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Netflix also objects to the Request to the extent that it is not limited in time and seeks documents or information created after Plaintiff filed her Complaint on August 29, 2022.

**DOCUMENT REQUEST NO. 34:**

All Documents concerning the disclaimers that appeared at the beginning or end of every episode of the Series, and all drafts thereof.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Netflix objects to this Request to the extent it is duplicative of Request No. 1. Netflix also objects to this Request as overbroad and vague to the extent that it fails to limit this Request to only those episodes relating to Plaintiff's portrayal in the Series or the allegations in Plaintiff's Complaint. Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.

Notwithstanding these objections, Netflix will produce copies of responsive, non-privileged documents concerning the disclaimers that appeared at the beginning of the episodes that involve Plaintiff's portrayal in the Series, to the extent they are in Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 35:**

All Communications passing between the Filmmakers concerning the fictionalization of real life events in the Series, and all Documents memorializing those Communications.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Netflix also objects to this Request as vague and overbroad because it fails to limit this Request to only those documents relating to Plaintiff's portrayal in the Series or to the allegations in Plaintiff's Complaint. Netflix further objects to this Requests to the extent it seeks confidential or proprietary information that Netflix maintains in confidence and/or is obligated to treat confidentially. Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.

Notwithstanding these objections, Netflix will produce copies of responsive, non-privileged documents and communications within its possession, custody, or control, concerning the fictionalization of real life events in the Series to the extent such events involve Plaintiff.

**DOCUMENT REQUEST NO. 36:**

All contracts between Shondaland and Netflix concerning the Series.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Netflix objects to this Request as seeking irrelevant information that is not reasonably calculated to lead to discoverable evidence, and is thus disproportional to the needs of the case. Netflix also objects to this Request as vague and overbroad. Netflix further objects to this Request to the extent it seeks confidential

or proprietary information that Netflix maintains in confidence and/or is obligated to treat confidentially.  Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.

**DOCUMENT REQUEST NO. 37:**

Any Documents having a tendency to prove that Plaintiff used abusive language to others, such as calling someone a "paid bitch."

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Netflix objects to this Request as vague, especially regarding the phrases "having a tendency to prove" and "abusive language."  Both of these are subjective concepts, so the parties may not share a common understanding.  Netflix also objects to this Request as improper and unduly burdensome to the extent it seeks documents and communications that are more readily accessible by, or in the possession of, Plaintiff.  Netflix further objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 38:**

Any Documents having a tendency to prove that Plaintiff pressured Sorokin to book a larger or more expensive suite at the La Mamounia Hotel in Marrakech.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Netflix objects to this Request as vague, especially regarding the phrases "having a tendency to prove" and "pressured." Netflix also objects to this Request as improper and unduly burdensome to the extent it seeks documents and communications that are more readily accessible by, or in the possession of, Plaintiff. Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege. Netflix also objects to this Request to the extent it is not limited to documents Netflix made or reviewed in the course of working on the Series.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they were obtained or reviewed in the course of working on the Series and to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 39:**

Any Documents having a tendency to prove that Sorokin was alone and in distress when Plaintiff left her at the La Mamounia Hotel in Marrakech.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Netflix objects to this Request as vague, especially regarding the phrases "having a tendency to prove" and "in distress." Netflix also objects to this Request as improper and unduly burdensome to the extent it seeks documents and communications that are more readily accessible by, or in the possession of, Plaintiff. Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege. Netflix also objects to this Request to the extent it is not limited to documents Netflix made or reviewed in the course of working on the Series.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they were obtained or reviewed in the course of working on the Series and to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 40:**

Any Documents having a tendency to prove that Plaintiff pressured Sorokin to treat their group to a private visit to the Majorelle Gardens in Marrakech.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Netflix objects to this Request as vague, especially regarding the phrases "having a tendency to prove," "pressured," and "treat." Netflix also objects to this Request as improper and unduly burdensome to the extent it seeks documents and communications that are more readily accessible by, or in the possession of, Plaintiff. Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege. Netflix also objects to this Request to the extent it is not limited to documents Netflix made or reviewed in the course of working on the Series.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they were obtained or reviewed in the course of working on the Series and to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 41:**

Any Documents having a tendency to prove that Plaintiff intentionally concealed or lied about her role in Sorokin's arrest in Los Angeles to mutual friends.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Netflix objects to this Request as vague, especially regarding the phrases "having a tendency to prove" and "concealed."  Netflix also objects to this Request as improper and unduly burdensome to the extent it seeks documents and communications that are more readily accessible by, or in the possession of, Plaintiff.  Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.  Netflix also objects to this Request to the extent it is not limited to documents Netflix made or reviewed in the course of working on the Series.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they were obtained or reviewed in the course of working on the Series and to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 42:**

Any Documents having a tendency to prove that Plaintiff stated the words attributed to her in the Defamatory Statements, or words having the same or a similar meaning.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Netflix objects to this Request as vague, especially regarding the phrases "having a tendency to prove" and "words having the same or a similar meaning." Netflix also objects to this Request as improper and unduly burdensome to the extent it seeks documents and communications that are more readily accessible by, or in the possession of, Plaintiff. Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they are within Netflix's possession, custody, or control.

**DOCUMENT REQUEST NO. 43:**

Any Documents having a tendency to prove that Plaintiff lied to or otherwise misled her employer about the charges she incurred on Sorokin's behalf and charged to her corporate American Express card.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Netflix objects to this Request as vague, especially regarding the phrases "having a tendency to prove" and "lied to or otherwise misled." Netflix also objects to this Request as improper and unduly burdensome to the extent it seeks

documents and communications that are more readily accessible by, or in the possession of, Plaintiff.  Netflix also objects to this Request to the extent it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or reporter's privilege.

Notwithstanding these objections, Netflix will produce copies of non-privileged documents responsive to this Request to the extent they are within Netflix's possession, custody, or control.

Dated: August 28, 2023                    BARNES & THORNBURG LLP

                                          */s/  Thomas E. Hanson, Jr.*
                                          Thomas E. Hanson, Jr. (No. 4102)
                                          222 Delaware Avenue, Suite 1200
                                          Wilmington, DE 19801-1050
                                          Tel: 302-300-3474
                                          Fax: 302-300-3456
                                          Email:  Thanson@btlaw.com

                                          DAVIS WRIGHT TREMAINE LLP
                                          Rachel F. Strom (*pro hac vice*)
                                          Chelsea T. Kelly (*pro hac vice*)
                                          Lindsey B. Cherner (*pro hac vice*)
                                          1251 Sixth Avenue, 21st Floor
                                          New York, New York 10020
                                          Tel: 212-402-4069
                                          rachelstrom@dwt.com
                                          chelseakelly@dwt.com
                                          lindseycherner@dwt.com

                                          *Attorneys for Defendant Netflix, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby affirm that a copy of this document was served on Plaintiff's counsel via email on August 28, 2023, at the following addresses:

FARNAN LLP
Brian E. Farnan
Michael J. Farnan
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

RUFUS-ISAACS, ACLAND & GRANTHAM LLP
Alexander Rufus-Isaacs
aisaacs@rufuslaw.com

Rodney Smolla
rodsmolla@gmail.com

*/s/ Rachel F. Strom*
Rachel F. Strom