

September 20, 2024

**VIA E-FILING**
The Honorable Eleanor G. Tennyson
J. Caleb Boggs Federal Building
844 N. King Street
Unit 38, Room 4104
Wilmington, DE 19801-3555

      Re:     <u>***Williams v Netflix, Inc.,*** **C.A. No. 22-cv-1132-CFC-EGT**</u>

Dear Judge Tennyson:

This constitutes the parties' Joint Status Report ordered by the Court's Minute Entry dated September 16, 2024, following the Telephonic Discovery Conference held on September 13, 2024.

Plaintiff's counsel Alexander Rufus-Isaacs and Brian Farnan, and Defendant Netflix, Inc.'s counsel Rachel Strom, Chelsea Kelly and Kelly Farnan met and conferred by Zoom on Monday September 16 for 1 hour 20 minutes, and again on Wednesday September 18 for 50 minutes. Counsel is pleased to report that they have made progress in resolving some, but not all, of the disputed issues.

1. **<u>Netflix's Motion To Compel Production Of Documents Withheld By Plaintiff On Grounds Of The Attorney Client Privilege And Attorney Work Product Protection</u>**

The parties have agreed to resolve this issue as follows:

(a)    the drafts of the complaint that were attached to some emails that were sent to Plaintiff's former boyfriend or parents or Kathryn Schafer will not be produced;

(b)    the remaining documents (all email threads) will be produced with some text redacted, as set forth below; however, the to, from, cc, bcc, date/time and subject lines in the email headers will not be redacted;

(c)    the text of emails written by Plaintiff's counsel (Messrs. Rufus-Isaacs, Smolla and Farnan) will be redacted even if Plaintiff later shared the emails with the third parties (her parents, Mr. Zumot, Ms. Schafer and others);

(d)    the text of Plaintiff's emails to her counsel (or drafts thereof) consisting in whole or in part of comments or analysis will be redacted even if Plaintiff shared them with the third parties, save for (e);

(e)    the text of Plaintiff's emails to her counsel which do not contain any comments or analysis (e.g., quotes from the media) will not be redacted; and

(f)    save as aforesaid, emails passing between Plaintiff and the third parties will not be redacted.

Netflix has agreed to review the revised production before continuing to challenge any communications that Plaintiff or her attorneys shared with various third parties.

2. **Netflix's Motion to Compel Production of Tax Returns and Financial Information Withheld by Plaintiff on Grounds of Privacy and Relevance**

Netflix provided Plaintiff with additional authority for its position, which Plaintiff considered. The parties discussed their respective positions during the meet and confer conversation but were unable to reach agreement.  Plaintiff subsequently amended her initial disclosures damages calculation to seek $15,000,000.00, including for compensation to "impairment to reputation and standing in the community."  Netflix is still seeking information related to Plaintiff's economic status, including (but not limited to) her tax returns, from 2018 to the present, to be able to test the accuracy of Plaintiff's claim that she has had any cognizable injury to her reputation and standing in the community.

3. **Plaintiff's Motion to Compel Production of Documents Withheld or Redacted by Netflix on Grounds of the Attorney-Client Privilege, Attorney Work Product Protection, and/or Common Interest or Joint Defense Doctrine.**

The parties have partially resolved the issues raised in Plaintiff's motion.  Netflix agreed to:

(a) Supplement the privilege log descriptions for the work files of Simron Gill, in-house counsel at Netflix with more detail (e.g., the yellow-highlighted entries at D.I. 88-2 and 88-3).

(b) Produce un-redacted versions of 31 of the magenta-highlighted entries in Ex. 2 of Plaintiff's discovery letter (D.I. 88-3).

Plaintiff's counsel has agreed that neither of these efforts to resolve the dispute operate to waive Netflix's invocation of the attorney-client privilege, attorney work product protection, and/or common interest or joint defense doctrine in the future.

The parties, however, have not been able to reach agreement on the remaining highlighted entries in Exs. 1-3 of Plaintiff's discovery letter (D.I. 88-2, 88-3, and 88-4).

Counsel for Netflix has re-reviewed, on a document-by-document basis, each withheld or redacted document in order to confirm the assertion of privilege.  These consist entirely of the conveyance of legal advice from Netflix's counsel to those responsible for making the series *Inventing Anna* (the "Series") or gathering information for the purpose of conveying that legal advice.  To the extent an email does not have include a Netflix lawyer on the to, from or cc line, Netflix has redacted or withheld  only those limited portions that either reflect or seek legal advice (ex., "Legal says....." or We need to ask legal......").  For these entries, Netflix has agreed to update its privilege log to make it clear, where possible, the specific Netflix lawyer that was providing legal advice or the specific lawyer whose advice was being sought.

 **Proposed Next Steps:**  Netflix will provide Plaintiff with its amended privilege logs reflecting the changes Netflix has agreed to make by September 27, Plaintiff should review these logs and highlight any remaining entries that she continues to challenge, and the legal basis for the

challenge, by October 4.  The parties can then submit briefing on any unresolved issues by October 9.

4. **Plaintiff's Motion to Compel Production of Documents Redacted by Netflix on the Basis of the New York Reporter's Privilege.**

The parties have not been able to reach agreement on the documents that Plaintiff challenges on the basis of the New York Reporter's Privilege.  During the meet-and-confer, Plaintiff's counsel confirmed that he understood that Netflix did not withhold documents based on the Reporter's Privilege, but rather redacted names and identifying details of Jessica Pressler's confidential sources.  Plaintiff's counsel stated that he was entitled to receive these names because, inter alia, it would allegedly show that the Series used Plaintiff's real name while protecting the identities of other sources.  Defendant's counsel stated that Netflix would agree to stipulate to that fact—thus, revealing the sources themselves is unnecessary.  Plaintiff's counsel did not agree to this compromise and continues to seek the names of the sources.

**Proposed Next Steps:**  Should the Court find it useful, the parties could submit supplemental briefing on this issue by October 4.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Filing)