IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RACHEL DELOACHE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC.,<br><br>Defendant. | Civil Action No. 22-1132-CFC |

# ORDER

Pending before me are Plaintiff Rachel DeLoache Williams' Objections to the Magistrate Judge's denial of Williams's request for an order compelling Defendant Netflix, Inc. to produce what the parties call the blue-highlighted and green-highlighted documents Netflix withheld or redacted on attorney-client privilege and attorney work-product doctrine grounds. D.I. 165. The Magistrate Judge denied the request in a Memorandum Order issued on November 21, 2024. D.I. 158. The Magistrate Judge concluded in that Memorandum Order that the documents in question were privileged communications under California law. D.I. 158 at 7–9, 11–12. She also concluded that the documents contained attorney work product and that Williams had failed to show a substantial need to overcome

the protection from disclosure afforded by the attorney work-product doctrine. D.I. 158 at 10–11, 12–13.

The Magistrate Judge had the authority to issue her order denying the requested relief under 28 U.S.C. § 636(b)(1)(A). Because her ruling is non-dispositive, it "should only be set aside if clearly erroneous or contrary to law." *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 375 (D. Del. 2010); *see also* § 636(b)(1)(A). "A finding is clearly erroneous if the determination '(1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *Leader Techs.*, 719 F. Supp. 2d at 375 (citing *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir. 1992)). "A magistrate judge's decision is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *Smith Int'l Inc. v. Baker Hughes Inc.*, 2016 WL 6122927, at *1 (D. Del. Oct. 19, 2016) (internal quotation marks and citation omitted).

Williams's principal objection is that the Magistrate Judge erred in concluding that the documents in question are privileged under California law. D.I. 165 at 3–8, 9–10. I agree with Williams, at least with respect to documents sent to Netflix's attorney by Shondaland, Inc. and Joan Pearce Research Associates. Those communications were not between a client and a lawyer, and therefore are not privileged under California law. Section 954 of the California

Evidence Code provides that "the client, whether or not a party, has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication *between client and lawyer*." Cal. Evid. Code § 954 (emphasis added). The Code defines "confidential communication between client and lawyer" as

> information transmitted *between a client and his or her lawyer* in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship.

Cal. Evid. Code § 952 (emphasis added).

That does not end the matter, however, as the Magistrate Judge found that the documents in question are also protected from disclosure under the attorney work-product doctrine. Williams does not object to this finding, but she "does object to the [Magistrate Judge's] finding that [Williams] has failed to make the requisite showing of substantial need to obtain those [documents]." D.I. 165 at 8; *see also* D.I. 165 at 10. I agree, however, with the Magistrate Judge's determination that, "despite several opportunities to do so (D.I. 88, 114, 134 & 149), [Williams] [did] not ma[ke] the requisite showing of substantial need to

3

obtain the materials." D.I. 158 at 11. And in any event, that determination cannot be said to be clearly erroneous.

NOW THEREFORE, at Wilmington on this Twentieth day of May in 2025, it is HEREBY ORDERED that Plaintiff's Objections to the Magistrate Judge's November 21, 2024 Memorandum Order (D.I. 165) are SUSTAINED IN PART AND OVERRULED IN PART.

/s/ Col. F. C_____
CHIEF JUDGE